**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

MARTIN BENNETT,                                       CASE NO.:  4:16-cv-3598

     Plaintiff,

vs.

PROGRESSIVE LEASING, LLC,                  DEMAND FOR JURY TRIAL

     Defendant,

_____/

## PLAINTIFF, MARTIN BENNETT'S, VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, MARTIN BENNETT (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, PROGRESSIVE LEASING, LLC, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Texas Debt Collection Act, (hereafter "TDCA"), TEX. FIN. CODE §392 and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

2.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Venue is proper in this District because the Plaintiff resides in this District the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      Plaintiff is an individual residing in Harris County, Texas.

5.      Plaintiff is a consumer as defined by TEX. FIN. CODE § 392.001(1).

6.      Defendant is a foreign limited liability company as registered with the Texas Secretary of State, Division of Corporations.

7.      Defendant is a "debt collector," as defined by TEX. FIN. CODE § 392.001(6)) and does business throughout the state of Texas, including Harris County, Texas.

8.      Defendant is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

9.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Harris County, Texas, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

10.      Defendant, at all material times, was attempting to collect a debt relating to a Progressive Leasing account, Account No. ending in -4715.

11.      The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the, Tex. Stat. §392.001(2).

12.      Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on July 18, 2016 through a facsimile transmission to Defendant's facsimile no. 877-966-2888. See facsimile confirmation attached as Exhibit "A."

13.      In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

2

14.     Plaintiff is the regular user and carrier of the cellular telephone number ending in -5206 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

15.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on July 18, 2016.

16.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

17.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls.

18.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B."

19.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

20.     Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

21.     Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

22.     Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

23.     Plaintiff did not speak with a live representative during the phone calls because they were made by Defendant using an artificial or pre-recorded voice.

24.     Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

25.     The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

26.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

27.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

28.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.


## COUNT I
## VIOLATION OF THE TDCA, TEX. FIN. CODE § 392

29.     Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

30.     Defendant violated the TEX FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

31.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone.

32.     Defendant's acts, as described above were done intentionally with the purpose of harassing Plaintiff.

**WHEREFORE**, Plaintiff, MARTIN BENNETT, demands judgment against Defendant, PROGRESSIVE LEASING, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      statutory damages pursuant to TEX. FIN. CODE § 392.403(e);

c.      pursuant to TEX. FIN. CODE § 392.403(a)(1), injunctive relief of the above violations;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the TEX FIN. CODE § 392.403(b), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**

33.     Plaintiff incorporates all allegations in paragraphs 1-28 as if stated fully herein.

34.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

35.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

36.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

37.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, MARTIN BENNETT, demands judgment against Defendant, PROGRESSIVE LEASING, LLC, for the following relief:

a.     statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after July 18, 2016;

b.     an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.     any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
MARTIN BENNETT

STATE OF TEXAS
COUNTY OF _____Harris_____

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this _07_ day of _November_, 2016, by MARTIN BENNETT, who is personally known to me or who produced _al44678742 2_ as identification and who did take an oath.

GRECIA JEZABEL PULIDO
Notary Public, State of Texas
Comm. Expires 08-06-2018
Notary ID 129910783

Signature of Notary Public
Print, Type, Stamp Name of Notary
Martin Sterling II Bennett.

**BOSS LAW**

Date:  December 7, 2016

/s/ Allan J. Boss
**Allan J. Boss, Esq.,** *Of Counsel*
Attorney-in-charge
TX Bar No.: 00789162
Southern District TX Bar No: 187916
**Christopher W. Boss, Esq.**
FL Bar No. 13183
Email: cpservice@protectyourfuture.com
9887 4th Street N., Ste. 202
St. Petersburg, FL 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**